IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JONATHAN LEE BABB,                    )
     Plaintiff,                        )      Civil Action No. 7:22-cv-00590
                                       )
v.                                    )
                                       )
SOUTHWEST VIRGINIA REGIONAL           )      By: Elizabeth K. Dillon
JAIL AUTHORITY-DUFFIELD JAIL,         )          United States District Judge
     Defendant.                        )

**ORDER**

This case has been filed by Jonathan Lee Babb, proceeding *pro se*, who is currently an inmate at the Southwest Virginia Regional Jail—Duffield.  His complaint names a single defendant: "Southwest Virginia Regional Jail Authority-Duffield Jail."  (Compl. 1, Dkt. No. 1.)

Pending before the court is a motion from Babb that has been docketed as a motion for preliminary injunction.  (Dkt. No. 6.)  It is brief, and aside from asking for "help," the only specific request he makes is to be moved to a different facility.  (Dkt. No. 6.)  He states that this is an "absolute emergency," and that he is "in fear of my safety and life at this jail."  He states that since he filed this lawsuit, he has "had threats made against [him] and for [his] safety would like to be moved to another location."  He does not specify what threats have been made, by whom, or when.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly.  *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).  As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in

his favor; and (4) that an injunction is in the public interest.  *See Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374–376 (2008).

Babb's motion fails to satisfy the *Winter* requirements for granting preliminary injunctive relief.  First of all, and although he refers to unspecified threats and says he fears for his life, he has not set forth facts to show that he is likely to suffer irreparable harm in the absence of being transferred.  His vague allegations of possible retaliation do not satisfy *Winter*'s second standard.  In short, he has not shown a reasonable likelihood that, without the court's intervention, the same harm is likely to occur again, such that the harm is "neither remote nor speculative, but actual and imminent."  *Direx Israel, Ltd.*, 952 F.2d at 812; *see also Williams v. Maryland*, No. CIV.A. DKC 09-0879, 2011 WL 3422825, at *9 (D. Md. Aug. 3, 2011) (denying prisoner's motion for preliminary injunction where plaintiff had only speculative and "unsubstantiated fears" of retaliation from corrections officers).

Furthermore, the only relief Babb requests is to be transferred out of the jail.  The decision about where to house any particular inmate, however, is generally committed to the discretion of the state's prison officials, and a federal court must show deference to such decisions.  *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980).  Thus, an order requiring a transfer—particularly given the lack of detail provided by Babb as to any alleged threats or any potential harm—is not warranted.

For these reasons, Babb's motion for injunctive relief will be denied without prejudice. In the event that he can provide specific information to show that he is likely to suffer irreparable harm absent appropriate injunctive relief, he may file another motion.

CONCLUSION

For the reasons discussed above, it is hereby ORDERED that Babb's motion for a

preliminary injunction (Dkt. No. 6) is DENIED.

Entered: November 22, 2022.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge