IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHAN LEE BABB, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22-cv-00590 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CPT. HAYES, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case was filed by Jonathan Lee Babb, proceeding *pro se*, who is currently an inmate at the Southwest Virginia Regional Jail—Duffield. His amended complaint names ten different officials at the Southwest Virginia Regional Jail in Duffield ("the Jail") and complains about unsanitary conditions at the Jail and "inhuman" treatment. His allegations include the following:

- his food and drink trays were placed on the floor for him to retrieve;

- some officers delivering his food did not wear gloves or hairnets;

- on one occasion, his dinner tray was missing his dinner roll;

- during a brief period while in medical quarantine, he was "denied media sources of any kind";

- he was denied personal hygiene items and laundry service for a six-day period;

- he was not able to clean his cell on a number of different dates; and

- he was denied access to the phone and kiosk on different dates.

(*See generally* Am. Compl., Dkt. No. 9.) Babb's amended complaint has not yet been served, but is awaiting review by the court pursuant to 28 U.S.C. § 1915A.

The court previously denied a motion from Babb that had been docketed as a motion for preliminary injunction. In it, he asked for "help" and to be moved to a different facility. (Dkt. No. 6.) He stated that he was "in fear of my safety and life at this jail" and "had threats made

against" him. (*Id.*) As the court noted in its order denying his motion, Babb did not specify what threats had been made, by whom, or when. (Dkt. No. 7.) The court denied the motion because, among other reasons, Babb had not set forth *facts* to show that he was likely to suffer irreparable harm, particularly because he did not provide any details about the "unspecified threats." (*Id.* at 2.) The court informed Babb that he could file another motion if he could "provide specific information to show that he is likely to suffer irreparable harm absent appropriate injunctive relief . . . ." (*Id.*)

Babb has now filed another letter that has been docketed as a motion for temporary restraining order. (Dkt. No. 14.) It includes allegations that he was assaulted by another prisoner, inmate Bishop, who Babb alleges is a "staff informant" working for Capt. Hayes at the Jail. Babb further claims that he is still housed in the same pod with Bishop, that he is being threatened by Bishop, and that he fears for his life. These are certainly more specific allegations than he previously provided and could warrant directing a response from defendants in a typical case. Here, however, Babb's claims *in this lawsuit* have nothing to do with Bishop or threats by him.[1] All of Babb's claims here relate to his conditions of confinement at the Jail.

Preliminary injunctive relief is an "extraordinary" remedy that courts should grant only "sparingly." *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). The party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of

---

[1] The allegations regarding Bishop are nearly identical to allegations asserted by Babb in Civil Action No. 7:23-cv-28 (W.D. Va.), which was dismissed on January 11, 2023. *Babb v. Bishop*, No. 7:23-cv-28, ECF Nos. 4, 5 (W.D. Va. January 11, 2023 Memorandum Opinion and Order dismissing case without prejudice). In that case, Babb asserted that a fellow inmate, Bishop, had assaulted him, but the only defendant he named was Bishop. He did not name any staff members nor did he allege that any of the defendants urged or directed Bishop to assault him. The case was dismissed primarily because Bishop was not a state actor. The court noted in its dismissal order, though, that if Babb believed there was a valid basis for it, he could file a failure to protect claim against a specific official or officials. Babb has not yet filed a separate lawsuit asserting claims against any specific jail official based on the assault or threat by Bishop.

2

preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014). The remedy may be granted only on a "clear showing" of entitlement to relief. *Winter*, 555 U.S. at 22.

Important here, a preliminary injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant thus must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Applying those standards, the court concludes that Babb's motion must be denied. In particular, it asks for relief that is unrelated to his underlying claims, in violation of the principles set forth in *Omega World Travel*. Again, if Babb believes that a specific official or officials are failing to protect him from Bishop, he may assert that claim in a separate lawsuit, after first exhausting his administrative remedies. If he chooses, he also may re-file his motion for injunctive relief in such a case. But that claim is not before the court, and the harm claimed in his current motion is not "caused by the wrong claimed in the underlying action." *See Omega World Travel*, 111 F.3d at 16. Because the injunctive relief he seeks is not related to the claims in this lawsuit, the court may not grant it in this lawsuit. *See id.*

**CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby ORDERED that Babb's motion for injunctive relief (Dkt. No. 14) is DENIED. The Clerk is DIRECTED to provide a copy of this Memorandum Opinion and Order to Babb, and also to mail a copy of this order and Babb's motion (Dkt. No. 14) to Captain Hayes at the Southwest Virginia Regional Jail Authority in Duffield, to ensure he is made aware of Babb's allegations of potential harm.

Entered: January 30, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge